## SAXLEHNER v. GRAEF et al.

(Circuit Court, S. D. New York. June 17, 1897.)

TRADE-MARK—UNFAIR COMPETITION.

A company which was the exclusive consignee in this country of the Hungarian Hunyadi Janos water, in order to distinguish it from imitations sold here, placed on its bottles a trade-mark of its own, not used by its consignors. Afterwards it ceased to import this water, and began selling another Hungarian water, using the same trade-mark, but with labels so distinctive as to challenge the attention of purchasers. *Held*, that this was no infringement of the rights of the owners of the Hunyadi Janos water.

This was a suit in equity by Emilie Saxlehner against Harry C. Graef and another, agents of the Apollinaris Company, to enjoin the use by the latter of certain alleged infringing labels and trade-marks in the sale of mineral waters. The cause was heard on motion for a preliminary injunction.

Briesen & Knauth, for the motion.
Edmund Wetmore and Henry Melville, opposed.

LACOMBE, Circuit Judge. Most of the questions which have been presented and argued on this motion may be best reserved for final hearing. It will not be necessary to express any opinion as to whether laches or inaction has in any way impaired complainant's right to enjoin imitations of the unattractive, but peculiarly distinctive, label of dark blue and red, with the vignette of John Huniades, which has been the well-recognized livery in this country of the original Hunyadi Janos water for many years. For the purpose of this motion, it will be assumed that complainant's right to prevent the sale of other bitter waters in a dress calculated to deceive the public as to their identity with the Hunyadi Janos is entirely unimpaired. It appears that many years ago the markets of this country were flooded with dark blue and red labels lettered with variations of the name Hunyadi, and calculated to deceive the public. At that time the Apollinaris Company was the sole consignee of complainant's predecessor, Andreas Saxlehner, in the United States. Said company urged Saxlehner to unite with it in suit to stop such infringements, but he peremptorily refused. Thereupon the Apollinaris Company adopted a distinctive badge of its own, to wit, a red diamond on a yellow ground, with the inscription: "The diamond is the trade-mark of the Apollinaris Company, Limited, and is meant only to indicate that mineral waters so marked are sold by the Apolinaris Company, Limited." And, so long as it continued to sell Saxlehner's Hunyadi Janos water, it pasted its individual mark upon each bottle. It no longer sells Saxlehner's Hunyadi Janos water, and it now affixes its individual red diamond label on another natural Hungarian aperient water, which it now sells. Complainant has no right to this red diamond label, and her application for an injunction could be sustained only on the theory of unfair competition. Of course, having handled the original Hunyadi Janos water so long, and become well known as the exclusive importers of it into this country, the Apollinaris Company, when it took up another variety of water, was bound in good faith to the public to offer the new water in a dress so different as to challenge the attention of the purchaser to the fact that it is some other mineral water to which the red diamond label is now affixed. This has been done. The label of the "Apenta" water now sold by the Apollinaris Company is totally unlike the old Hunyadi Janos label. It fully sustains the proposition repeatedly laid down in this court that, when there is an honest effort to accentuate differences in labels and wrappers, there need be no confusion as to the identity of competing goods. Comparison is made with the later form of defendant's label, which no longer contains the words "Bottled

81 F.—45

at the Uj Hunyadi Springs." Whether the continued use of the word "Hunyadi," after the sale of complainant's water was discontinued, was or was not proper, may appropriately be left for final hearing. Promptly upon the decision in the Hungarian tribunal that word disappeared from defendant's labels, and, when it is a question whether preliminary injunction shall issue, it is always appropriate to consider what it is which defendant threatens to do if unrestrained. Should defendant hereafter, and before final hearing, resume the use of the word "Hunyadi," the question can then be presented by a renewal of the motion. Meanwhile the motion for preliminary injunction is denied.